From Iredell.
The plaintiff on the trial produced the warrant, and proved that the defendant had obtained the same as prosecutor; that plaintiff was arrested under it, carried before a magistrate and bound in recognizance to appear at October Term, 1816, of Iredell Superior Court.
The recognizances were found on file among the records of the court, but no entry was made upon the docket or records that the defendant in the warrant, now the plaintiff, had been discharged. No bill of indictment could be found among the records, nor did anything appear from the records to have been done in the case, after the return of the recognizances, except that the clerk had made out a bill of costs. Plaintiff proved that the solicitor told the bail for his appearance at the return term that he was discharged and might go home; that the prosecuting officer would do nothing in the matter, (369) and that the State's witnesses need not attend another court. The magistrate who took the recognizances swore that the solicitor told him the parties were discharged at the return term. Upon the affidavit of the magistrate it was moved that the entry of discharge be made nunc pro tunc; this motion was refused. The evidence of discharge as above stated was received, subject to the opinion of the court. *Page 270 
It was referred to this Court to say whether the entry nunc pro tunc
should have been allowed; if it should, was it sufficient to prove the discharge of the defendant in the warrant? And further, were the facts proved as above, without any entry of discharge on the records, sufficient in law to establish the discharge of the now plaintiff from the prosecution of the warrant?
We think this a plain case. A discharge means, where proceedings are at end and cannot be revived. A party bound over to court has only to attend, and, according to our mode of practice, when the term expires stands discharged, unless rebound, or his default recorded. As to the parol testimony offered to prove a discharge by the solicitor and the motion to enter a discharge nunc pro tunc, it is of no importance to consider either of them. The rule for a new trial must be discharged.
Cited: Rice v. Ponder, 29 N.C. 394; Hatch v. Cohen, 84 N.C. 603.